UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN CARLOS GIL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 6:18-cv-659-Orl-40DCI

ORLANDO HEALTH, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Plaintiff's Motion for Partial Summary Judgment (Doc. 10), Defendant's Response in Opposition (Doc. 34), and Plaintiff's Reply (Doc. 35). With briefing complete, the matter is ripe. Upon consideration, Plaintiff's motion is due to be denied as premature.

Plaintiff Juan Carlos Gil instituted this action on April 27, 2018, with the filing of the Complaint. (Doc. 1). The Complaint alleges that Defendant Orlando Health, Inc., violated Title III of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12181–12189, and seeks injunctive relief, damages, attorneys' fees and costs. (*Id.*). Less than six weeks after filing the Complaint, Plaintiff moved for partial summary judgment. (Doc. 10). In his motion, Plaintiff seeks a declaratory judgment that Defendant violated the ADA, injunctive relief, and declaring Plaintiff the prevailing party. (*Id.*).

Plaintiff's Motion is due to be denied as glaringly premature. Summary judgment is not appropriate until the nonmoving party "has had an adequate opportunity for discovery." *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit has further stated:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* (internal citations omitted).

When Plaintiff's Motion for Partial Summary Judgment was filed, discovery had barely started. Clearly, Defendant has not "had an adequate opportunity for discovery." *See Snook*, 859 F.2d at 870.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 10, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties